■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CONYERS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered March 3, 1989, convicting him of robbery in the first degree (six counts), attempted murder in the second degree, criminal use of a firearm in the first degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the trial court erred in denying his application to sever the counts of the indictment which charged him with separate criminal offenses. The separate offenses were properly joinable in a single indictment pursuant to CPL 200.20 (2) (b) as the nature of the proof for one of the offenses was material and admissible as evidence-in-chief upon the trial of the other. Since the offenses were properly joined in one indictment from the outset, the court lacked statutory discretion to sever (see, CPL 200.20 [3]; People v Bongarzone, 69 NY2d 892, 895; People v Lane, 56 NY2d 1, 7; People v Chapman, 145 AD2d 642).

We also reject the defendant's contention that the showup procedure was unduly suggestive because he was identified outside a hospital emergency room while lying wounded on a stretcher. Showup procedures which are close in time and location to the scene and less than ideal may be considered tolerable in the interest of prompt identification (see, People v Love, 57 NY2d 1023; People v Brnja, 50 NY2d 366; People v Cardwell, 158 AD2d 533; People v Redd, 137 AD2d 770). This showup occurred close in time to the crime, while the witness's memory was fresh, and under the other circumstances, was not unduly suggestive (see, People v Perez, 135 AD2d 665).

The defendant's claim that his sentence was excessive is without merit *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Mangano, P. J., Kunzeman, Miller and Copertino, JJ., concur.