■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE THOMAS, Appellant. [682 NYS2d 219] —Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered October 7, 1996, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari*, 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo*, 44 AD2d 86, 88).

We find no merit to the defendant's *Rosario* claim regarding a missing tape of a telephone call to the 911 emergency number. The tape was not a written or recorded statement made by a witness called at trial, and therefore did not constitute *Rosario* material (*see,* CPL 240.45 [1]; *People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866; *People v Williams*, 229 AD2d 603, 604). Moreover, although the defense did not receive a police officer's handwritten report until after the opening statements were completed, the defense counsel conceded that there was no bad faith on the part of the prosecutor and failed to show any prejudice to the defendant (*see, People v Banch*, 80 NY2d 610; *People v Brister*, 239 AD2d 513, 514).

The defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80). His remaining contentions are without merit. Rosenblatt, J. P., Miller, Thompson and Joy, JJ., concur.