■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LEE GAINES, Also Known as BART ROMAN, Appellant. [739 NYS2d 835] —Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered May 22, 2000, convicting him of sexual abuse in the third degree (three counts) and attempted rape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the County Court properly denied his application to sever the counts of the indictment and hold a separate trial of the offenses based on each separate incident. The separate offenses were properly joinable in a single indictment pursuant to CPL 200.20 (2) (b), as the nature of the proof for each of the offenses was material and admissible as evidence upon the trial of the others. Since the offenses were properly joined in one indictment from the outset, the court lacked the statutory authority to sever them (*see* CPL 200.20 [3]; *People v Bongarzone,* 69 NY2d 892; *People v Conyers,* 176 AD2d 340).

The defendant's contention that the evidence adduced at trial was legally insufficient to establish his identity as the perpetrator of the crimes charged is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence, which included identification of the defendant by the three complaining witnesses and three eyewitnesses, in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Florio, J.P., S. Miller, McGinity and Adams, JJ., concur.