■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY ROLLING, Appellant. [770 NYS2d 719]—

Judgment, Supreme Court, New York County (Michael Obus, J.), rendered June 13, 2000, convicting defendant, after a jury trial, of robbery in the first degree (three counts), robbery in the second degree, robbery in the third degree (seven counts), and attempted robbery in the second and third degrees, and sentencing him, as a persistent violent felony offender, to an aggregate term of 50 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that all sentences run concurrently, and otherwise affirmed. Order, same court and Justice, entered on or about December 4, 2002, which denied defendant's motion to vacate the judgment, unanimously affirmed.

The court properly denied defendant's severance motion. The charges were properly joined pursuant to CPL 200.20 (2) (b), since evidence of each of these highly similar robberies was admissible as to the others (*see People v Beam,* 57 NY2d 241, 251-253 [1982]; *People v Gonzalez,* 188 AD2d 364 [1992]; *People v Davis,* 166 AD2d 197 [1990]). Accordingly, the prosecution's summation along the same lines was proper. In any event, the

charges were also properly joined pursuant to CPL 200.20 (2) (c) as similar in law, and defendant failed to establish good cause for a severance (CPL 200.20 [3]).

Defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]), and his CPL 440.10 motion raising this issue was properly denied. When the People called a witness to testify that she knew defendant to wear certain clothing that was relevant to the case, defense counsel expressly agreed that the witness should be identified as defendant's parole officer. This was clearly a strategic decision (*see People v Rivera*, 71 NY2d 705, 709 [1988]), because, on cross-examination, counsel elicited matters supporting the defense that would necessarily reveal that defendant was on parole. Defendant's remaining contentions concerning the parole officer's testimony are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal.

We find the sentence excessive to the extent indicated. Our reduction results in an aggregate term of 25 years to life. Concur—Buckley, P.J., Sullivan, Ellerin, Williams and Gonzalez, JJ.