THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCIEN SALNAVE, Appellant. [838 NYS2d 657]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Donnino, J.), rendered December 10, 2003, convicting him of murder in the second degree and robbery in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged under one indictment, inter alia, with three counts of robbery in the first degree for incidents occurring on June 10, 1999 and June 12, 1999, and with a felony murder occurring on June 16, 1999.

The Supreme Court properly denied the defendant's motion to sever the counts of the indictment involving incidents which occurred prior to June 16, 1999. The separate offenses were properly joinable in a single indictment pursuant to CPL 200.20 (2) (b), as the nature of the proof for each of the offenses was material and admissible as evidence upon the trial of the others. Since the offenses were properly joined in one indictment from the outset, the court lacked the statutory authority to sever them (*see* CPL 200.20 [3]; *People v Bongarzone,* 69 NY2d 892, 895 [1987]; *People v Gaines,* 293 AD2d 550, 551 [2002]; *People v Conyers,* 176 AD2d 340 [1991]).

The defendant's contention that the evidence was legally insufficient to establish his identity as the perpetrator of the June 10, 1999, robbery is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Antonelli,* 6 AD3d 543 [2004]; *People v Betts,* 292 AD2d 539, 540 [2002]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The Supreme Court did not err in precluding the defendant from admitting into evidence a videotape of an aborted conversation between the defendant and an assistant district attorney, which occurred hours after the defendant completed his statement to detectives confessing to some of the crimes, where the defendant stated: "Can I get an attorney?" The videotape had slight, if any, relevance to the voluntariness or reliability of the defendant's statement or of the written waiver of the defendant's *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]), which was signed about seven hours before the videotaped interview began (*see People v Primo,* 96 NY2d 351, 355 [2001]; *People v Smith,* 300 AD2d 603, 603-604 [2002]).

The defendant's contention that the trial court erred in instructing the jury that his confession could be considered as evidence if the statement was found to have been voluntarily made, without also instructing the jury that it must also

consider the truthfulness of the statement is unpreserved for appellate review (*see* CPL 470.05 [2]). Although the defendant requested a voluntariness charge which included an instruction on the jury's evaluation of the truthfulness of the statement, the defendant did not object to the voluntariness charge prepared by the court in response to the defendant's request (*see People v Whalen,* 59 NY2d 273, 280 [1983]). In any event, the defendant's contention is without merit, as the court specifically instructed the jury to apply the test of believability and accuracy to the confession that the court had described for evaluating the truthfulness of witnesses (*see People v Rabady,* 28 AD3d 794, 795 [2006]; *People v Johnson,* 303 AD2d 903, 907 [2003]; *People v Bowen,* 134 AD2d 356, 357 [1987]).

Contrary to the defendant's contention, the trial court did not unconstitutionally preclude him from confronting his own witness with a prior inconsistent statement (*see Chambers v Mississippi,* 410 US 284, 297-298 [1973]). The defendant's counsel repeatedly elicited from the witness the relevant portions of the prior statement on redirect examination. Because further questioning with regard to the statement on the second round of redirect examination would have been repetitive, the court had discretion to limit such questioning (*see Delaware v Van Arsdall,* 475 US 673, 679 [1986]; *People v Melendez,* 55 NY2d 445, 451-452 [1982]).

The defendant's contention that various comments made by the prosecutor during her summation were improper and deprived him of a fair trial is unpreserved for appellate review, as the defendant either did not object to the remarks at issue, made only general one-word objections, or his objections were sustained without any further request for curative instructions, and his motion for a mistrial after the completion of summations was untimely and failed to preserve his contention (*see* CPL 470.05 [2]; *People v Romero,* 7 NY3d 911, 912 [2006]; *People v LaValle,* 3 NY3d 88, 115-116 [2004]; *People v Malave,* 7 AD3d 542 [2004]). In any event, the challenged remarks did not exceed the bounds of rhetorical comment permissible in closing argument and constituted either fair comment upon the evidence presented or fair response to the defense summation (*see People v Galloway,* 54 NY2d 396, 399 [1981]; *People v McHarris,* 297 AD2d 824, 825 [2002]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Spolzino, J.P., Ritter, Lifson and Angiolillo, JJ., concur.