■ The People of the State of New York, Respondent, v Shron Killings, Appellant. [865 NYS2d 672]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 27, 2006, convicting him of robbery in the first degree (two counts), attempted robbery in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to prove his identity with respect to the thirteenth count of the indictment, robbery in the first degree committed on May 25, 2005, is unpreserved for appellate review (see CPL 470.05 [2]; People v Warren, 50 AD3d 706 [2008], lv denied 10 NY3d 965 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that robbery beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]). Upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of attempted robbery in the first degree (see Penal Law §§ 110.00, 160.15 [3]).

The defendant waived his contention that the trial court improperly admitted testimony regarding a complainant's pretrial lineup identification of his alleged accomplice (see People v Holmes, 47 AD3d 946 [2008]; People v Blackman, 13 AD3d 640, 641 [2004]; People v Spragis, 5 AD3d 814, 815 [2004]).

Contrary to the defendant's further contention, the offenses charged in the indictment were joinable pursuant to CPL 200.20 (2) (b) since evidence of each of the highly similar robberies allegedly committed by the defendant was admissible as to the others for the limited purpose of proving the defendant's identity (see People v Beam, 57 NY2d 241, 251-253 [1982]; see also People v Salnave, 41 AD3d 872 [2007]; People v Shears, 40 AD3d 661 [2007]; People v Hussain, 35 AD3d 504, 505 [2006]; People v Rolling, 3 AD3d 436 [2004]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Rivera, J.P., Spolzino, Florio and Leventhal, JJ., concur.