■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX DAYTON, Appellant. [887 NYS2d 184]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered January 3, 2007, convicting him of criminal sexual act in the first degree (two counts), aggravated sexual abuse in the second degree, sexual abuse in the first degree, endangering the welfare of a child, and petit larceny, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The County Court properly denied the defendant's motion to sever certain counts in the indictment, since the nature of the proof for each of the offenses was material and admissible as evidence upon the trial of the other counts in the indictment (*see* CPL 200.20 [2] [b]). Since the offenses were properly joined in one indictment from the outset, the court lacked the statutory authority to sever them (*see* CPL 200.20 [3]; *People v Bongarzone,* 69 NY2d 892, 895 [1987]; *People v Salnave,* 41 AD3d 872, 873 [2007]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of

guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that a portion of his confession should have been suppressed because *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]) were not readministered to him immediately prior to his making that statement is without merit. "[W]here a person in police custody has been issued *Miranda* warnings and voluntarily and intelligently waives those rights, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous" (*People v Hasty,* 25 AD3d 740, 741 [2006] [internal quotation marks and citations omitted]). Here, the evidence adduced at the *Huntley* hearing (*see People v Huntley,* 15 NY2d 72 [1965]) demonstrated that the defendant waived his *Miranda* rights on three occasions prior to making the statement in question within a reasonable time thereafter, and that he was continuously in police custody.

Furthermore, the County Court did not err in denying the defendant's application, made on the eve of trial and 299 days after he entered a plea of not guilty to the indictment, for the appointment of experts. The decision rested in the trial court's discretion (*see People v Almonor,* 93 NY2d 571 [1999]; *People v Berk,* 88 NY2d 257, 265-266 [1996], *cert denied* 519 US 859 [1996]; *People v Di Donato,* 87 NY2d 992 [1996]; *People v Hill,* 10 AD3d 310, 314 [2004]), and given the lateness of the application and the defendant's failure to offer any good cause for the delay, the court providently exercised that discretion.

The defendant received the effective assistance of counsel, under both the state constitutional standard (*see People v Caban,* 5 NY3d 143, 152 [2005]; *People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Baldi,* 54 NY2d 137, 146-147 [1981]), and the federal constitutional standard (*see Strickland v Washington,* 466 US 668 [1984]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Contrary to the defendant's contention, the court properly imposed consecutive sentences upon the convictions of criminal sexual act in the first degree, charged in the first two counts of the indictment, as each count involved a separate sexual act constituting a distinct offense (*see People v Colon,* 61 AD3d 772, 773 [2009]; *People v Gersten,* 280 AD2d 487, 487 [2001]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Rivera, J.P., Florio, Miller and Austin, JJ., concur.