—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered November 20, 2007, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the Supreme Court improperly permitted the prosecutor to present him as a threatening figure, and aided the prosecutor in doing so, is unpreserved for appellate review (see CPL 470.05 [2]; People v Tonge, 93 NY2d 838, 839-840 [1999]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, the defendant’s contention is without merit.
The defendant’s contention that the prosecutor made improper comments on summation is unpreserved for appellate review (see CPL 470.05 [2]). The defendant’s objections were general, one-word objections (see People v Tonge, 93 NY2d at 839-840; People v Salnave, 41 AD 3d 872, 874 [2007]), and he failed to request additional relief when the Supreme Court sustained his objections (see People v Bajana, 82 AD3d 1111, 1112 [2011]; People v Salnave, 41 AD3d at 874). Moreover, his belated motion for a mistrial did not give the trial court the opportunity to remedy the alleged errors (see People v Salnave, 41 AD3d at 874; People v Bruen, 136 AD2d 648, 649 [1988]). In any event, a new trial is not warranted. We agree with the defendant that the prosecutor made two improper comments on summation, one comment denigrating the defense and the other inflammatory. We further agree that evidence that the defendant possessed a gun clip roughly two months after the murder, which was not ruled on at the pretrial hearing, was improperly admitted. However, the cumulative effect of these errors was harmless, as there was overwhelming evidence of the defendant’s guilt, and no significant probability that the errors contributed to his convictions (see People v Arafet, 13 NY3d 460, 467 [2009]; People v Crimmins, 36 NY2d 230, 241-242 [1975]).
The defendant’s remaining contention is without merit. Angiolillo, J.P., Belen, Roman and Sgroi, JJ., concur.