■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHONSO KIRKSEY, Appellant. [966 NYS2d 682]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered October 7, 2009, convicting him of attempted murder in the first degree, attempted murder in the second degree, assault in the first degree, attempted aggravated assault on a police officer, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's motion to sever certain counts in the indictment, since the nature of the proof for each of the offenses was material and admissible as evidence upon the trial of the other counts in the indictment (*see* CPL 200.20 [2] [b]). Inasmuch as the offenses were properly joined in one indictment from the outset, the court lacked the statutory authority to sever them (*see* CPL 200.20 [3]; *People v Bongarzone*, 69 NY2d 892, 895 [1987]; *People v Dayton*, 66 AD3d 797 [2009]; *People v Salnave*, 41 AD3d 872, 873 [2007]).

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court erred in allowing the introduction of evidence of prior uncharged crimes or bad acts (*see generally People v Molineux*, 168 NY 264 [1901]) is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, any error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error affected the verdict (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Louis*, 99 AD3d 725, 726 [2012]).

The defendant was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Balkin, J.P., Hall, Lott and Miller, JJ., concur.