■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWTON HIGH, Appellant. [989 NYS2d 873]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered September 20, 2012, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Grella, J.), of the suppression of the defendant's statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied the suppression of his statements to law enforcement officials as the fruit of an illegal arrest. The evidence at the hearing demonstrated that the complainant identified the defendant as one of the intruders he saw leaving his stepson's house, and that the police observed the defendant throw a bag into bushes near the house. When the police retrieved the bag, they discovered that it was filled with copper piping. This evidence established that, on the date of the

incident, the police had probable cause to arrest the defendant (*see People v Mendoza*, 49 AD3d 559, 560 [2008]; *People v Nealy*, 32 AD3d 400, 401 [2006]; *see generally People v Wright*, 8 AD3d 304, 306-307 [2004]), and therefore, probable cause existed when the complainant later cooperated with law enforcement in the apprehension and prosecution of the defendant (*see People v Garcia*, 284 AD2d 479, 480 [2001]).

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Since the defendant's conviction was supported by legally sufficient evidence, the defendant's ineffective assistance of counsel claim, which is based solely upon his counsel's failure to preserve his legal insufficiency contention, is without merit (*see People v Acevedo*, 44 AD3d 168, 173 [2007]; *see also People v Caban*, 5 NY3d 143, 152, 155-156 [2005]). Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.