■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN COLLINS, Appellant. [996 NYS2d 365]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered December 7, 2010, convicting him of burglary in the second degree (three counts), grand larceny in the fourth degree, petit larceny, grand larceny in the third degree, criminal mischief in the third degree, criminal trespass in the second degree, and criminal possession of stolen property in the fifth degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions of burglary in the second degree (three counts), grand larceny in the third and fourth degrees, petit larceny, and criminal possession of stolen property in the fifth degree (three counts) is unpreserved for appellate review, as he did not raise the specific contentions he now raises on appeal when making his motion for a trial order of dismissal (*see People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Crooks*, 118 AD3d 816, 817 [2014]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), the evidence was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt of those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the County Court erred in admitting evidence of certain uncharged crimes is unpreserved

for appellate review (*see* CPL 470.05 [2]; *People v Kirksey*, 107 AD3d 825, 826 [2013]; *People v McFarlane*, 106 AD3d 836, 837 [2013]) and, in any event, without merit. Evidence of uncharged crimes may be admitted "when the defendant employs some unique, unusual, or distinctive modus operandi in an uncharged crime that is relevant to proving his identity as the perpetrator of the crime charged" (*People v Mateo*, 93 NY2d 327, 332 [1999] [emphasis omitted]). In that event, evidence of the uncharged crime may be admitted "unless the defendant's identity is conclusively established by other evidence" (*People v Agina*, 18 NY3d 600, 603 [2012] [internal quotation marks and emphasis omitted]; *see People v Allweiss*, 48 NY2d 40, 47 [1979]; *People v Littlejohn*, 112 AD3d 67, 74 [2013]). Contrary to the defendant's contention, his identity as the perpetrator of the charged crimes was not conclusively established by his admissions to detectives, since the defense theory at trial was that the admissions were involuntary or coerced. Therefore, the evidence that he committed uncharged crimes employing a distinctive modus operandi identical to that employed in the commission of the charged crimes was properly admitted to prove his identity.

The defendant's contention that certain comments made by the prosecutor during summation were improper and, thus, deprived him of a fair trial, is unpreserved for appellate review (*see* CPL 470.05 [2]), because he made no objection to the challenged comments (*see People v Hanson*, 100 AD3d 771, 772 [2012], *lv granted* 21 NY3d 1016 [2013]). In any event, although some of the prosecutor's remarks were improper, they did not deprive the defendant of a fair trial, and any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Roscher*, 114 AD3d 812, 813 [2014]; *People v Ward*, 106 AD3d 842, 843 [2013]).

The defendant's contention that, in imposing sentence, the County Court penalized him for exercising his right to a jury trial is unpreserved for appellate review and, in any event, without merit (*see People v Fernandez*, 115 AD3d 977, 979 [2014]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Chambers, Cohen and Maltese, JJ., concur.