■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILLIAN DOBBINS, Appellant. [997 NYS2d 501]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered March 26, 2009, convicting him of robbery in the first degree (four counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Honorof, J.), of the suppression of the defendant's statement to law enforcement officials.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's motion to sever certain counts of the indictment. The separate offenses were properly joinable in a single indictment pursuant to CPL 200.20 (2) (b), since the nature of the proof for each of the offenses was material and admissible as evidence upon the trial of the others (*see People v Kirksey*, 107 AD3d 825, 825 [2013]; *People v Dayton*, 66 AD3d 797, 797 [2009]; *People v Killings*, 55 AD3d 852, 852 [2008]). Inasmuch as the offenses were properly joined in one indictment from the outset, the court lacked the statutory authority to sever them (*see* CPL 200.20 [3]; *People v Bongarzone*, 69 NY2d 892, 895 [1987]; *People v Kirksey*, 107 AD3d at 825; *People v Salnave*, 41 AD3d 872, 873 [2007]).

Contrary to the defendant's contention, the evidence presented at the suppression hearing established that he knowingly, voluntarily, and intelligently waived his *Miranda* rights prior to making his statement to law enforcement officials (*see Miranda v Arizona*, 384 US 436 [1966]). " 'A defendant who refuses to sign a written waiver of his [or her] rights, including a *Miranda* rights card, may nevertheless orally waive his [or her] rights' " (*People v Thornton*, 87 AD3d 663, 664 [2011], quoting *People v Saunders*, 71 AD3d 1058, 1059 [2010]). Here, the defendant impliedly waived his rights by stating that he understood his rights and then willingly answering questions from law enforcement officials after declining to sign the waiver on the *Miranda* rights card with which he was provided (*see People*

*v Sirno*, 76 NY2d 967, 968 [1990]; *People v Thornton*, 87 AD3d at 664; *People v Ridgeway*, 101 AD2d 555, 562 [1984], *affd* 64 NY2d 952 [1985]).

The defendant's contention that certain remarks made by the prosecutor during summation were improper is without merit, as the challenged remarks were within the broad bounds of rhetorical comment permissible in closing arguments, fair response to arguments made by defense counsel in summation, and fair comment upon the evidence (*see People v Galloway*, 54 NY2d 396, 400 [1981]; *People v Ashwal*, 39 NY2d 105, 109 [1976]; *People v Rios*, 105 AD3d 873, 873 [2013]).

The defendant's contention that the prosecutor improperly introduced evidence of an uncharged crime is unpreserved for appellate review. In any event, any error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to the defendant's convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Jones*, 23 AD3d 399, 399 [2005]).

The defendant's remaining contention, raised in his pro se supplemental brief, pertains to matter dehors the record on appeal (*see People v Cuesta*, 103 AD3d 913, 916 [2013]; *People v Redmond*, 41 AD3d 514, 515-516 [2007]). Rivera, J.P., Skelos, Roman and Miller, JJ., concur.