◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON SAUNDERS, Appellant. [6 NYS3d 673]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered November 21, 2012, convicting him of course of sexual conduct against a child in the second degree and sexual abuse in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Collins*, 122 AD3d 873, 873 [2014]).

In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the prosecutor violated the Supreme Court's ruling limiting cross-examination of the defendant is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Aguilar*, 79 AD3d 899, 900 [2010]) and, in any event, without merit (*see People v Perez*, 120 AD3d 514, 514 [2014]).

The defendant's contention that the prosecutor made improper comments during his summation is also unpreserved for appellate review (*see People v Herring*, 119 AD3d 958, 958-959 [2014]; *People v Alleyne*, 114 AD3d 804, 805 [2014]). In any event, the challenged comments constituted fair response to the defense summation, fair comment on the evidence, or were otherwise within the broad bounds of rhetorical comment permissible during summation (*see People v Galloway*, 54 NY2d 396, 400 [1981]; *People v Dobbins*, 123 AD3d 1140, 1140 [2014]). Furthermore, there is no merit to the defendant's contention that defense counsel was ineffective because he failed to object to the challenged comments (*see People v Friel*, 53 AD3d 667, 668 [2008]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Rivera, Dickerson and Maltese, JJ., concur.