◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON LIU, Appellant. [14 NYS3d 506]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered December 22, 2011, convicting him of manslaughter in the first degree, attempted assault in the first degree (two counts), assault in the second degree (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to disprove his justification defense beyond a reasonable doubt is not preserved for appellate review (*see People v Joseph*, 74 AD3d 840, 840 [2010]; *cf. People v Padro*, 75 NY2d 820, 821 [1990]; *People v Boley*, 116 AD3d 965, 966 [2014]). In

any event, the defendant's contention is without merit. The evidence presented at trial, viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), was legally sufficient to prove beyond a reasonable doubt that the defendant was not justified in using deadly physical force (*see* Penal Law § 35.20 [1], [2]; *People v Pickens*, 60 AD3d 699, 701 [2009]). The defendant further contends that the verdict was against the weight of the evidence. That contention, too, is without merit. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's justification defense and its verdict of guilt were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]; *People v O'Keefe*, 105 AD3d 1062, 1063 [2013]; *People v Terrero*, 31 AD3d 672 [2006]).

The defendant's claim that the prosecutor deprived him of a fair trial by virtue of improper summation comments is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Howard*, 120 AD3d 1259, 1260 [2014]). In any event, the challenged remarks were fair comment upon the evidence, were responsive to the defense counsel's summation, or otherwise did not deprive the defendant of a fair trial (*see People v Rivera*, 128 AD3d 857 [2015]; *People v Saunders*, 127 AD3d 1111, 1112 [2015]). Defense counsel's failure to object to the prosecutor's summation remarks did not amount to ineffective assistance of counsel (*see People v Saunders*, 127 AD3d at 1112).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Balkin, Miller and LaSalle, JJ., concur.