■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN WILLIAMS, Appellant. [23 NYS3d 899]—Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered April 1, 2013, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to prove beyond a reasonable doubt that he caused Carl Norman's death or, if he did, that he was unjustified in using deadly physical force against Norman. The defendant's contentions are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rivera*, 123 AD3d 742, 742 [2014]) and, in any event, without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to prove causation (*see* Penal Law § 125.20 [1]; *People v McFadden*, 168 AD2d 461, 461 [1990]), and to disprove justification (*see* Penal Law § 35.15 [2] [a]; *People v Liu*, 131 AD3d 547, 547-548 [2015]). Since the defendant's conviction was supported by legally sufficient evidence, his contention that defense counsel was ineffective because he failed to preserve his contentions that the evidence was legally insufficient is without merit (*see People v High*, 119 AD3d 959, 960 [2014]).

The defendant also contends that the verdict of guilt was against the weight of the evidence. In conducting our independent review of the weight of the evidence, we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Here, upon reviewing the record, including the video evidence, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643 [2006]; *People v Liu*, 131 AD3d at 548; *People v McFadden*, 168 AD2d at 461). Balkin, J.P., Dickerson, Duffy and LaSalle, JJ., concur.