— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harrington, J.), rendered August 3, 2015, convicting him of manslaughter in the second degree and assault in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 3V3 to 10 years on the conviction of manslaughter in the second degree, and a concurrent determinate term of imprisonment of 3 years, to be followed by 3 years of postrelease supervision, on the conviction of assault in the second degree. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of manslaughter in the second degree from an indeterminate term of imprisonment of 3V3 to 10 years to an indeterminate term of imprisonment of 2 to 6 years, and by reducing the sentence imposed on the conviction of assault in the second degree from a determinate term of imprisonment of 3 years, to be followed by 3 years of postrelease supervision, to a determinate term of imprisonment of 2 years, to be followed by 2 years of postrelease supervision; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of manslaughter in the second degree and assault in the second degree beyond a reasonable doubt. Specifically, the evidence was legally sufficient to prove causation (see Penal Law § 125.20 [1]; People v McFadden, 168 AD2d 461, 461 [1990]) and to disprove justification (see Penal Law § 35.15 [2] [a]; People v Williams, 136 AD3d 637 [2016]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383 [2004]). Upon reviewing the record, we are satisfied that the verdict of guilt and the rejection of the justification defense were not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Rosado, 134 AD3d 1133 [2015]). The defendant’s contention as to the propriety of the People’s cross-examination of a character witness is without merit (see People v West, 271 AD2d 806 [2000]). The sentence imposed was excessive to the extent indicated herein, due to a number of mitigating factors fully set forth in the record (see People v Suitte, 90 AD2d 80, 83-84 [1982]). Hall, Cohen and Connolly, JJ., concur.