People v Guerrero (2019 NY Slip Op 05790)





People v Guerrero


2019 NY Slip Op 05790


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-10825
 (Ind. No. 1408/16)

[*1]The People of the State of New York, respondent,
v
Jose Guerrero, appellant.


Paul Skip Laisure, New York, NY (Stephanie Sonsino of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Katherine A. Triffon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered July 26, 2017, as amended August 7, 2017, convicting him of burglary in the second degree, grand larceny in the third degree, and criminal mischief in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the prosecutor made improper comments during his summation is unpreserved for appellate review (see CPL 470.05[2]; People v Herring, 119 AD3d 958; People v Alleyne, 114 AD3d 804; People v Morris, 2 AD3d 652; People v McHarris, 297 AD2d 824). In any event, the challenged comments constituted fair response to the defense's summation, fair comment on the evidence and the inferences to be drawn therefrom, or were within the broad bounds of rhetorical comment permissible during summation (see People v Galloway, 54 NY2d 396, 400; People v Saunders, 127 AD3d 1111; People v Dobbins, 123 AD3d 1140).
RIVERA, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court