People v Smith (2020 NY Slip Op 01936)





People v Smith


2020 NY Slip Op 01936


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-02527
2017-02528

[*1]The People of the State of New York, respondent,
v
Ramone Smith, appellant.


Lawrence J. Fredella, New York, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Autumn S. Hughes of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Nassau County (Francis Ricigliano, J.), both rendered February 6, 2017, convicting him of predatory sexual assault, rape in the first degree (two counts), criminal sexual act in the first degree, and criminal possession of a weapon in the third degree under Indictment No. 277/14, and attempted rape in the first degree, attempted sexual abuse in the first degree, robbery in the third degree, and criminal possession of a weapon in the third degree under Indictment No. 793/14, upon jury verdicts, and imposing sentences.
ORDERED that the judgments are affirmed.
Under Indictment No. 277/14, the defendant was convicted of predatory sexual assault, rape in the first degree (two counts), criminal sexual act in the first degree, and criminal possession of a weapon in the third degree relating to three separate incidents involving women who were working as prostitutes. Under Indictment No. 793/14, which was consolidated for trial with the aforementioned indictment, the defendant was convicted of attempted rape in the first degree, attempted sexual abuse in the first degree, robbery in the third degree, and criminal possession of a weapon in the third degree relating to a fourth incident involving a woman working as a prostitute.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on each of the convictions was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We agree with the Supreme Court's determination to deny that branch of the defendant's omnibus motion which was to sever the counts in Indictment No. 277/14 pertaining to the three separate incidents, since the nature of the evidence for each of the offenses was material and admissible as evidence upon the trial of the other counts in the indictment (see CPL 200.20[2][b]; People v Dobbins, 123 AD3d 1140). Further, the offenses charged were properly joined in one indictment, as they were either the same or defined by similar statutory provisions, and, [*2]consequently, were the same or similar in law (see CPL 200.20[2][c]; People v Taylor, 164 AD3d 839, 839-840). For similar reasons, we agree with the court's determination to grant the People's motion to consolidate for trial the two indictments (see CPL 200.20[2][b], [c]; People v Hartnagel, 176 AD3d 971, 971). The evidence of the crimes was presented separately and was uncomplicated, enabling the jury to segregate the evidence (see People v Hartnagel, 176 AD3d at 971; People v Nickel, 14 AD3d 869, 870).
As the People concede, the prosecutor committed a Rosario violation (see People v Rosario, 9 NY2d 286) by failing to provide the defendant with the supporting deposition of one of the complainants until after that complainant had completed her direct testimony. When the prosecutor discovered the error, she turned over the document to defense counsel prior to defense counsel's cross-examination of the witness and apologized to the Supreme Court and to counsel. The court granted defense counsel a continuance and issued a curative instruction to the jury so that it would not attribute trial delay to the defendant. Under these circumstances, the defendant was not prejudiced by the delayed disclosure and, therefore, is not entitled to a new trial (see People v Thomas, 255 AD2d 467, 468; cf. People v Banch, 80 NY2d 610, 616).
The defendant's contention that he was deprived of a fair trial by certain statements made by the prosecutor during summation is unpreserved for appellate review because the defendant either failed to object to the prosecutor's statements or made only general objections, and did not seek curative instructions or move for a mistrial when his objections were sustained (see CPL 470.05[2]; People v Morris, 2 AD3d 652; People v McHarris, 297 AD2d 824). In any event, the prosecutor's statements during his summation, for the most part, constituted fair comment on the evidence and the inferences to be drawn therefrom (see People v Fuhrtz, 115 AD3d 760; People v Birot, 99 AD3d 933; People v Guevara-Carrero, 92 AD3d 693; People v McHarris, 297 AD2d at 825), or were fair response to defense counsel's comments during summation (see People v Adamo, 309 AD2d 808; People v Clark, 222 AD2d 446; People v Vaughn, 209 AD2d 459), and any improper statements "were not so flagrant or pervasive as to deny the defendant a fair trial" (People v Almonte, 23 AD3d 392, 394; see People v Svanberg, 293 AD2d 555).
The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court