■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT GREEN, Appellant.

Defendant was convicted of robbing a United Parcel Service delivery man, at gunpoint on January 13, 1986, in the hallway of a building on West 146th Street in New York County. An unapprehended male allegedly accompanied the defendant. The defendant was arrested several weeks later when the complainant saw him on the street and alerted the police. We reverse because of two errors made at the trial.

First, the prosecution failed to turn over *Rosario* material to the defendant *(People v Rosario,* 9 NY2d 286 [1961]). Specifically, the prosecution failed to turn over a handwritten copy

of a complaint report made by a police officer. Only the typed report was turned over. The report was relevant to the complainant's identification of the defendant. The complainant had described the gunman as being in his late twenties. The defendant was in his mid-thirties. The complainant was asked by the defense attorney if he had ever described either man as being about 20 years of age. The complainant denied that he had done so. By contrast the typed complaint report indicated that the complainant had described the gunman as 20 years of age. In his summation, the prosecutor argued that the typed report was a mistake and that the original handwritten report contained the true information. It was later learned that the handwritten report also indicated that the gunman was 20 years of age.

A reversal is required by *People v Ranghelle* (69 NY2d 56 [1986]). There, the Court of Appeals held that the failure to turn over *Rosario* material to the defense is per se error requiring a reversal of a conviction without regard to a determination of whether any prejudice occurred to the defense. While the People argue that the handwritten report was the "duplicate equivalent" of the typed report and thus was not required to be turned over, this argument, while it may be technically correct, cannot aid the People in light of the prosecutor's summation that the typed report produced at trial could have been in error when compared with the unproduced handwritten report.

Second, the trial court erred in refusing to permit the defense to call two police witnesses on the identification issue. One of the proposed witnesses, a police sergeant, was present when the alleged robber was initially described by the complainant. The second witness was apparently sought to testify about a radio report of the robbery if necessary. While some of the testimony may have been inadmissible hearsay, the defense should have been allowed to bring in the witnesses even if it meant taking some of the testimony out of the presence of the jury prior to permitting testimony in the trial. Concur—Kupferman, J. P., Ross, Carro, Ellerin and Smith, JJ.