■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TENNYSON GABBIDON, Appellant. [707 NYS2d 901] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered October 8, 1997, convicting him of burglary in the first degree, assault in the first degree, and assault in the second degree, upon a jury verdict, and sentencing him to indeterminate terms of 12½ to 25 years imprisonment on the conviction of burglary in the first degree, 7½ to 15 years imprisonment on the conviction of assault in the first degree, and 3½ to 7 years imprisonment on the conviction of assault in the second degree, to run consecutively to each other.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment for the defendant's conviction of burglary in the first degree shall run concurrently with the terms of imprisonment for the assault convictions; as so modified, the judgment is affirmed.

Contrary to the defendant's assertion, the statement made by one of the victims at a hospital was properly received in evidence as an excited utterance. There was ample evidence to "'justify the conclusion that the remarks were not made under the impetus of studied reflection'" *(People v Fratello,* 92 NY2d 565, 576; *see, People v Cotto,* 92 NY2d 68; *People v Brown,* 70 NY2d 513).

The determination as to whether to reopen a case for further testimony rests within the sound discretion of the trial court *(see, People v Ventura,* 35 NY2d 654; *People v Aldridge,* 247 AD2d 545). Under the circumstances of this case, the trial court providently exercised its discretion.

Inasmuch as the People are unable to point to any testimony or evidence which would support the view that the offense of burglary in the first degree involved disparate or separate acts from the offenses of assault in the first degree and assault in

the second degree, the sentence imposed for the burglary conviction must run concurrently with the sentences imposed for the assault convictions (*see, People v Laureano,* 87 NY2d 640, 643; *People v Sturkey,* 77 NY2d 979, 980; Penal Law § 70.25 [2]). Santucci, J. P., McGinity, Luciano and Schmidt, JJ., concur.