■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TINA MELENDEZ, Appellant. [744 NYS2d 485] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered December 10, 1999, convicting her of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant was convicted of, inter alia, manslaughter in the first degree (Penal Law § 125.20 [1]) for the stabbing death of her boyfriend during a domestic disturbance. During the trial, the defendant put forth evidence supporting her claim that the stabbing of the victim was either accidental or justified. In furtherance of this claim, defense counsel sought to admit into evidence a tape of a 911 call the defendant made shortly after the stabbing as an excited utterance exception to the hearsay rule. Defense counsel claimed that the 911 tape would establish both that this was an accidental stabbing and that the defendant made efforts to save the victim's life. The prosecutor objected to the admission of the 911 tape on the ground that the tape would be a prior consistent statement to the defendant's own testimony as to what she said during the 911 call. The court sustained the objection and the 911 tape was not admitted into evidence.

On appeal, the defendant argues that the 911 tape should have been admitted as either an excited utterance or a present sense impression exception to the hearsay rule. We agree. An excited utterance has been defined as a spontaneous statement, made contemporaneously or immediately after a startling event, which asserts the observations of that event by the

declarant (*see People v Caviness,* 38 NY2d 227, 231-232; *People v Marks,* 6 NY2d 67, 71-72, *cert denied* 362 US 912). The admissibility of an excited utterance is entrusted in the first instance to the trial court. In making that determination, the court must ascertain whether, at the time the utterance was made, the declarant was under the stress of excitement caused by an external event sufficient to still the declarant's faculties, thereby preventing opportunity for deliberation which might lead the declarant to be untruthful. The court must assess not only the nature of the startling event and the amount of time which has elapsed between the occurrence and the statement, but also the activities of the declarant in the interim to ascertain if there was significant opportunity to deviate from the truth. The deciding factor is whether the surrounding circumstances reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection (*see People v Edwards,* 47 NY2d 493, 497; *see also People v Brown,* 70 NY2d 513, 519; *People v Fenner,* 283 AD2d 516; *People v Harris,* 276 AD2d 562).

Similarly, the present sense impression exception permits a court to admit hearsay testimony of a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter. The theory of this exception is similar to the excited utterance in that a statement describing an event when or immediately after it occurs is reliable because the contemporaneity of the event observed and the hearsay statement describing it leaves no time for reflection. Thus, the likelihood of deliberate misrepresentation or faulty recollection is eliminated (*see People v Brown,* 80 NY2d 729, 732-733).

Here, it is not disputed that the 911 call was made immediately or soon after the stabbing of the victim. Thus, it does not appear that the defendant had sufficient time to fabricate anything on the 911 tape. In addition, the 911 tape was a potentially valuable piece of exculpatory evidence for the defendant. The defendant's entire theory of the case was that the stabbing of the victim was either accidental or justified in that the victim fell into the knife the defendant was holding as he was pursuing the defendant with a gun. The contents of the tape itself may have conveyed to the jury the defendant's true emotional reaction to the stabbing, and by listening to the defendant's actual intonation of voice contemporaneously to the events, the jury may have reached a different conclusion as to whether she had the requisite intent to cause serious physical injury to the victim. The fact that the defendant was avail-

able to testify, and did testify, as to the contents of her 911 call does not preclude admissibility of the tape under the hearsay exceptions (*see People v Buie,* 86 NY2d 501). Thus, since the issue of the defendant's intent was so critical to her defense, and she was deprived of the right to place admissible evidence which supported her defense before the jury, she is entitled to a new trial.

In light of our determination we need not determine any other issues. Santucci, J.P., Altman, S. Miller and Luciano, JJ., concur.