■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MALAVE, Appellant. [775 NYS2d 588]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered March 22, 2002, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair trial as a result of the prosecutor's summation is unpreserved for appellate review. He either did not object to the remarks at issue, made only general one-word objections, or his objections were sustained without any further request for curative instructions (*see* CPL 470.05 [2]; *People v Heide*, 84 NY2d 943, 944 [1994]; *People v Tevaha*, 84 NY2d 879, 881 [1994]; *People v Medina*, 53 NY2d 951, 953 [1981]). Moreover, the defendant's motion for a mistrial, made after the completion of summations, was untimely and failed to preserve his contentions (*see People v Morris*, 148 AD2d 552 [1989]; *People v Bruen*, 136 AD2d 648, 649 [1988]).

In any event, the defendant's contentions are without merit. The prosecutor's summation can be evaluated fairly only in comparison to that of the defense (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v McHarris*, 297 AD2d 824, 825 [2002]). Analyzed in this context, the prosecutor's summation constituted a fair response to the defendant's closing argument which explicitly put his credibility at issue (*see People v Allien*, 302

AD2d 468, 469 [2003]; *People v Lowery,* 281 AD2d 491, 492 [2001]; *People v Sinclair,* 231 AD2d 926 [1996]; *People v Russo,* 201 AD2d 512, 513 [1994], *affd* 85 NY2d 872 [1995]). In addition, the prosecutor did not assert an unduly prejudicial "safe streets" argument (*People v Tolliver,* 267 AD2d 1007, 1008 [1999]; *see People v Durecot,* 224 AD2d 264, 265 [1996]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Prudenti, P.J., Ritter, Luciano and Crane, JJ., concur.