■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN LANIER, Appellant. [861 NYS2d 778]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered June 29, 2006, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied a fair trial because the court permitted a police detective to testify about

the roles of participants in a street-level narcotics sale is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero,* 7 NY3d 911, 912 [2006]; *People v Salnave,* 41 AD3d 872 [2007]; *People v Malave,* 7 AD3d 542 [2004]). In any event, given that the theory of the prosecution was that the defendant and a codefendant acted in concert in the sale of narcotics, the challenged testimony was not improper (*see People v Brown,* 97 NY2d 500, 505 [2002]).

The defendant also failed to preserve for appellate review his contention that certain comments made by the prosecutor during summation deprived him of a fair trial, as he failed to object to the subject remarks (*see* CPL 470.05 [2]; *People v Romero,* 7 NY3d at 912; *People v Malave,* 7 AD3d 542 [2004]). In any event, the challenged remarks did not exceed the bounds of rhetorical comment permissible in closing argument and were fair comment upon the evidence (*cf. People v Arce,* 42 NY2d 179, 189-190 [1977]; *People v Ashwal,* 39 NY2d 105, 109 [1976]). Ritter, J.P., Miller, Dillon and McCarthy, JJ., concur.