■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS L. SIMMONS, Appellant. [880 NYS2d 600]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered October 11, 2005. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, criminal sexual act in the first degree (two counts), aggravated sexual abuse in the third degree and sexual abuse in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of various sex crimes arising out of his rape of the victim in the basement of an apartment building. He contends that County Court erred in allowing the victim to identify him in court, inasmuch as she had been unable to identify him in any pretrial identification procedures. We agree with defendant that the court erred in allowing the prosecutor to show the victim the photo array during his redirect examination of her, whereupon she identified defendant's photograph as depicting the assailant. Defense counsel's cross-examination of the victim did not open the door to that redirect examination (cf. People v Massie, 2 NY3d 179, 184-185 [2004]; People v Wilson, 195 AD2d 493 [1993]). We further agree with defendant that the court compounded that error by allowing the victim to identify defendant in court as the assailant. We conclude, however, that the error is harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]). The evidence of guilt is overwhelming, including the statement of defendant to the police that he committed various sexual acts with a woman in the basement of the same apartment building on the same date and at approximately the same time as that alleged by the victim (see People v Franco, 48 AD3d 477, 478 [2008], lv denied 10 NY3d 840 [2008]), and there is no significant probability that the error might have contributed to the conviction.

We reject defendant's contention that the court's "improper conduct" deprived defendant of his right to a fair trial. The

court's directive to defense counsel to "sit down" did not result in the type of prejudice that would warrant reversal (*cf. People v De Jesus*, 42 NY2d 519 [1977]), nor did the court abuse its discretion in curtailing defense counsel's cross-examination of the victim (*see generally People v Sorge*, 301 NY 198, 201-202 [1950]; *People v Brown*, 267 AD2d 1051 [1999], *lv denied* 94 NY2d 917 [2000]). We further conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to the further contention of defendant, the court did not err in refusing to suppress defendant's "confession." The court was entitled to credit the testimony of the police officer over that of defendant at the suppression hearing (*see generally People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Stokes*, 212 AD2d 986, 987 [1995], *lv denied* 86 NY2d 741 [1995]).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Pine, JJ.