■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAH McCALL, Appellant. [914 NYS2d 291]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered March 11, 2009, as amended March 16, 2009, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (O'Dwyer, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment, as amended, is affirmed.

Contrary to the defendant's contentions, at the time of his arrest, there was probable cause to believe that he was involved in a crime and, therefore, the hearing court properly declined to

suppress a gun that the police recovered from him (*see People v Moore*, 6 NY3d 496, 498-499 [2006]; *People v De Bour*, 40 NY2d 210, 221 [1976]).

The trial court providently exercised its discretion in curtailing defense counsel's direct examination of two defense witnesses, as the probative value of their testimony was substantially outweighed by the danger that it would unfairly prejudice the prosecution or mislead the jury (*see People v Lewis*, 2 NY3d 224, 231 [2004]; *People v Siegel*, 87 NY2d 536, 542 [1995]; *People v Vargas*, 86 NY2d 215, 221-222 [1995]; *People v Scarola*, 71 NY2d 769, 777 [1988]; *People v Taylor*, 40 AD3d 782, 784 [2007]; *People v Green*, 140 AD2d 213, 214 [1988]).

Contrary to the defendant's contention, the trial court properly admitted into evidence the audiotape of a telephone call to the 911 emergency number under the present sense impression exception to the hearsay rule, as the caller's comments indicated that he was observing the subject crimes as they occurred (*see People v Buie*, 86 NY2d 501, 506 [1995]; *People v Brown*, 80 NY2d 729, 736 [1993]; *People v York*, 304 AD2d 681 [2003]).

There is no merit to the defendant's contention that he was deprived of his right to a fair trial by the trial court's determination to exclude from evidence another person's arrest report, since the defendant had the opportunity to call the jury's attention to information it contained (*see People v Gentile*, 73 AD3d 944 [2010]).

The defendant's *Batson* challenge (*see Batson v Kentucky*, 476 US 79, 96-97 [1986]) was properly denied, as he failed to make the requisite prima facie showing of racial discrimination in the selection of the jury. "It is incumbent upon a party making a *Batson* challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed" (*People v Scott*, 70 AD3d 977, 977 [2010], citing *People v Childress*, 81 NY2d 263, 268 [1993]). In support of his *Batson* application, the defendant noted only that the prosecutor used challenges against several prospective black jurors. In the absence of a record demonstrating other circumstances supporting a prima facie showing, the trial court correctly concluded that the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (*see People v Smocum*, 99 NY2d 418, 421-422 [2003]; *People v Payne*, 88 NY2d 172, 181 [1996]).

The defendant failed to preserve for appellate review his contention that the prosecutor's comments during summation

regarding the testimony of an assistant district attorney who represented the People during the suppression hearing were improper, as the defendant failed to object when the remarks were made (*see* CPL 470.05 [2]; *People v Tonge,* 93 NY2d 838, 839-840 [1999]; *People v Salnave,* 41 AD3d 872, 874 [2007]). The defendant also failed to preserve for appellate review his challenge to the prosecutor's comments during summation that the jury should "get the big gun off the street" and tell the defendant that it did "not think that it's okay for him to just carry the gun in Queens County," as the defendant failed to object when the prosecutor made the comments (*see* CPL 470.05 [2]; *People v Tonge,* 93 NY2d at 839-840; *People v Salnave,* 41 AD3d at 874). The defendant's challenge to the propriety of the prosecutor's statement, during summation, that the defendant's arrest was not "a big tadoo [*sic*]," is also unpreserved for appellate review, as the defendant failed to object when the prosecutor made the comment (*see* CPL 470.05 [2]; *People v Tonge,* 93 NY2d at 839-840; *People v Salnave,* 41 AD3d at 874). The defendant's challenge to the propriety of the prosecutor's comments regarding the lack of evidence of use of excessive force by the police is unpreserved for appellate review, as the defendant's objections were sustained without any further request for curative instructions, and he failed to timely move for a mistrial (*see* CPL 470.05 [2]; *People v Muniz,* 44 AD3d 1074, 1075 [2007]; *People v Owens,* 43 AD3d 1185, 1186 [2007]; *People v Malave,* 7 AD3d 542 [2004]; *People v White,* 5 AD3d 511 [2004]).

The defendant's contentions that numerous other comments the prosecutor made during summation deprived him of a fair trial are without merit, as the challenged remarks were either responsive to the arguments and issues raised by the defense counsel, or fair comment on the evidence (*see People v Montalvo,* 34 AD3d 600, 601 [2006]). Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.