THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP REYNOLDS, Appellant. [921 NYS2d 549]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered February 19, 2009, convicting him of attempted robbery in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the Supreme Court erroneously permitted a statement made by the victim to a witness to be admitted under the "excited utterance" exception to the hearsay rule (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Paige*, 283 AD2d 445 [2001]). In any event, the statement was properly received in evidence as an excited utterance, as there was ample evidence to "justify the conclusion that the remarks were not made under

the impetus of studied reflection" (*People v Melendez*, 296 AD2d 424, 425 [2002]; *see People v Cotto*, 92 NY2d 68, 78-79 [1998]; *People v Brown*, 70 NY2d 513, 518 [1987]; *People v Gabbidon*, 272 AD2d 411 [2000]).

There is no merit to the defendant's argument that the Supreme Court erred in precluding his attorney from questioning a police officer about an alleged prior inconsistent statement made to the officer by a witness. Under the circumstances of this case, the Supreme Court providently exercised its discretion in limiting the cross-examination of the police officer (*see People v Stevens*, 45 AD3d 610 [2007]; *People v Paixao*, 23 AD3d 677 [2005]). Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.