THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IKAMEL MAITLAND, Appellant. [26 NYS3d 190]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Shillingford, J.), rendered June 13, 2013, convicting him of criminal possession of a weapon in the second degree, attempted assault in the second degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of each crime beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on each count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the admission of the contents of a portion of the telephone call to the 911 emergency number made by the complainant was proper under the excited utterance exception to the hearsay rule. The surrounding circumstances, including that the call was made immediately after the complainant was shot at, supported the conclusion "that the remarks were not made under the impetus of studied reflection" (*People v Melendez*, 296 AD2d 424, 425 [2002]; *see People v Cantave*, 21 NY3d 374, 381 [2013]; *People v Johnson*, 1 NY3d 302, 307-308 [2003]; *People v Brown*, 70 NY2d 513, 519 [1987]; *People v Edwards*, 47 NY2d 493, 499 [1979]; *People v Reynolds*, 83 AD3d 1098, 1099 [2011]).

The defendant's challenges to the prosecutor's remarks during summation are largely unpreserved for appellate review,

because the defendant made no objection, made only a general objection, or made objections that were sustained without any further request for curative instructions, and were not the basis of his motion for a mistrial (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Barton*, 110 AD3d 1089, 1090 [2013]; *People v Hanson*, 100 AD3d 771, 772 [2012], *revd on other grounds sub nom. People v Silva*, 24 NY3d 294 [2014]; *People v Read*, 97 AD3d 702, 703 [2012]). In any event, those remarks pertained to matters that could be fairly inferred from the evidence, and to the extent that some remarks were improper, they did not "rise to the level of egregious misconduct that would have deprived the defendant of a fair trial" (*People v Mason*, 132 AD3d 777, 778 [2015]; *see People v Cherry*, 127 AD3d 879, 880 [2015]; *People v Wallace*, 123 AD3d 1151, 1152 [2014]). With regard to a reference by the prosecutor to prior incarceration, the objection to which is preserved, the Supreme Court gave a sufficient curative instruction, "and the jury is presumed to have followed it" (*People v Ross*, 262 AD2d 429, 430 [1999]; *see People v Hardy*, 22 AD3d 679, 680 [2005]). Dillon, J.P., Cohen, Maltese and Barros, JJ., concur.