■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMIE KNOX, JR., Appellant. [32 NYS3d 328]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered February 20, 2013, convicting him of criminal contempt in the first degree and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal contempt in the first degree (Penal Law § 215.51 [b] [iv]) beyond a reasonable doubt.

The County Court providently exercised its discretion in admitting certain *Molineux* evidence (*see People v Molineux*, 168 NY 264 [1901]) notwithstanding the People's failure to

provide advance notice of their intent to offer such evidence. While the preferred procedure would have been for the prosecutor to seek a pretrial hearing and ruling as to the admission of the evidence (*see People v Ventimiglia*, 52 NY2d 350, 356, 361-362 [1981]), the evidence here was plainly admissible pursuant to *Molineux*, and the defendant did not demonstrate in any way that he was prejudiced by the timing of the ruling (*see People v Garing*, 37 AD3d 849 [2007]). Further, the defendant's contention that he was denied his right to be present at a *Sandoval* hearing (*see People v Sandoval*, 34 NY2d 371 [1974]) lacks merit, as the transcript of the hearing established that he was present during the hearing (*see People v Bazil*, 219 AD2d 604 [1995]).

Contrary to the defendant's contention, under the circumstances of this case, the County Court properly admitted into evidence a recording of the complainant's 911 emergency call under the excited utterance exception to the hearsay rule (*see People v Cantave*, 21 NY3d 374, 381 [2013]; *People v Johnson*, 1 NY3d 302, 307-308 [2003]; *People v Maitland*, 136 AD3d 1058 [2016]; *People v Whitlock*, 95 AD3d 909 [2012]; *People v Melendez*, 296 AD2d 424 [2002]).

The defendant's contention that the County Court should have charged the jury with criminal contempt in the second degree (Penal Law § 215.50 [3]) as a lesser-included offense of criminal contempt in the first degree (Penal Law § 215.51 [b] [iv]) under count 2 of the indictment is without merit. Viewed in the light most favorable to the defendant (*see People v Martin*, 59 NY2d 704, 705 [1983]), there is no reasonable view of the evidence which would support a finding that, as to count 2 of the indictment, the defendant committed the lesser, but not the greater, offense (*see generally* CPL 300.50 [1]; *People v Rivera*, 23 NY3d 112, 120-121 [2014]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention, that the County Court improperly admitted the recordings of nine telephone calls he made while incarcerated, is unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Sgroi, Miller and Barros, JJ., concur.