■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR A. COLE, Appellant. [39 NYS3d 807]—Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered October 23, 2013, convicting him of rape in the third degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's challenges to the prosecutor's remarks during summation are largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Maitland*, 136 AD3d 1058, 1058-1059 [2016]). In any event, most of those remarks were fair comment on the evidence or permissible rhetorical comment, and to the extent that some remarks were improper, they did not rise to the level of egregious misconduct that would have deprived the defendant of a fair trial (*see People v Maitland*, 136 AD3d at 1058; *People v Mason*, 132 AD3d 777, 778 [2015]; *People v Wallace*, 123 AD3d 1151, 1152 [2014]).

The defendant's challenge to the length of the term of imprisonment imposed on the ground that it is excessive has been rendered academic because the maximum term has expired (*see People v Gonzalez*, 113 AD3d 792, 793 [2014]; *People v Verdejo*, 112 AD3d 761 [2013]; *People v Hernandez*, 108 AD3d 640, 641 [2013]; *People v Nicholson*, 31 AD3d 468, 469 [2006]; *People v Anderson*, 168 AD2d 624, 624 [1990]), and he does not challenge the period of postrelease supervision imposed. Leventhal, J.P., Maltese, LaSalle and Brathwaite Nelson, JJ., concur.