Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harrington, J.), rendered September 27, 2013, convicting him of burglary in the second degree, endangering the welfare of a child, sexual abuse in the third degree, and harassment in the second degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of eight years, to be followed by a period of postrelease supervision of five years, on the conviction of burglary in the second degree, a definite term of incarceration of one year on the conviction of endangering the welfare of a child, a definite term of incarceration of 90 days on the conviction of sexual abuse in the third degree, and a definite term of incarceration of 15 days on the conviction of harassment in the second degree, with all the terms to be served concurrently.
Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of burglary in the second degree from a *941 determinate term of imprisonment of eight years, to be followed by a period of postrelease supervision of five years, to a determinate term of imprisonment of six years, to be followed by a period of postrelease supervision of five years; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. The defendant’s intent can be inferred from his conduct and the surrounding circumstances (see People v Bracey, 41 NY2d 296, 303 [1977]; People v Zapata, 98 AD3d 539, 540 [2012]; People v Chafla-Sanaicela, 84 AD3d 828, 829 [2011]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s challenge to certain comments the prosecutor made during summation is largely unpreserved for appellate review (see CPL 470.05 [2]; People v Heide, 84 NY2d 943, 944 [1994]; People v Malave, 7 AD3d 542, 542 [2004]). In any event, most of the challenged remarks were fair response to the defense counsel’s summation, fair comment on the evidence, or permissible rhetorical comment, and to the extent that some remarks were improper, they did not rise to the level of egregious misconduct that would have deprived the defendant of a fair trial (see People v Cole, 144 AD3d 699, 700 [2016]; People v Thomas, 143 AD3d 1006, 1007 [2016]; People v Maitland, 136 AD3d 1058, 1059 [2016]).
The sentence imposed was excessive to the extent indicated herein.
The defendant’s remaining contention is without merit.
Eng, P.J., Leventhal, Cohen and Duffy, JJ., concur.