People v Brooks (2018 NY Slip Op 07323)





People v Brooks


2018 NY Slip Op 07323


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-09606
 (Ind. No. 2544/15)

[*1]The People of the State of New York, respondent,
v
Marquis Brooks, appellant.


Paul Skip Laisure, New York, NY (Rebecca J. Gannon of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Josette Simmons of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gene Lopez, J.), rendered August 5, 2016, convicting him of grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, and jostling, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant did not preserve for appellate review his arguments regarding the prosecutor's summation. The defendant did not object to many of the comments that he now challenges as improper, the objections that he did raise during the prosecutor's summation were general one-word objections, and he did not move for a mistrial when two of his objections were sustained (see CPL 470.05[2]; People v Negron, 150 AD3d 764, 765; People v Malave, 7 AD3d 542, 542). In any event, the challenged remarks were responsive to the defense counsel's summation (see People v Mairena, 160 AD3d 986, 986, lv granted 31 NY3d 1150; People v Malave, 7 AD3d at 542), or constituted harmless error (see People v Crimmins, 36 NY2d 230, 241-242).
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court