The People of the State of New York, Respondent,
against
Bryan Staten-Jackson, Appellant.




Appellate Advocates (Bryan D. Kreykes of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Victor Barall of counsel), for respondent.

Appeal by defendant, as limited by his brief, from a sentence of the Criminal Court of the City of New York, Kings County (Sharen D. Hudson, J.), imposed August 10, 2015, upon his conviction of criminal possession of marihuana in the fifth degree, upon his plea of guilty.




ORDERED that the appeal is dismissed.
Defendant was charged in an accusatory instrument with criminal possession of marihuana in the fifth degree (Penal Law § 221.10 [1]) and unlawful possession of marihuana (Penal Law § 221.05). On November 26, 2013, defendant, who was incarcerated at the time, agreed to plead guilty to criminal possession of marihuana in the fifth degree in satisfaction of the accusatory instrument and in exchange for an eight month Misdemeanor Brooklyn Treatment Court (MBTC) mandate to complete a drug treatment program, with a jail alternative sentence of 90 days. On August 10, 2015, the Criminal Court pronounced a sentence of four months' imprisonment to be served by defendant concurrently with sentences imposed on three other matters. On appeal, defendant contends, among other things, that since he pleaded guilty to criminal possession of marihuana in the fifth degree, a class B misdemeanor, the maximum sentence of imprisonment which the court could have imposed could not have exceeded three months (see Penal Law § 70.15 [2]). Therefore, he argues that the four-month sentence imposed was not lawful. 
Defendant's challenges to the sentence imposed has been rendered academic because he has already fully served the sentence (see People v McLaine, 64 NY2d 934 [1985]; People v Elgut, 164 AD3d 1360 [2018]; People v Vielman, 164 AD3d 623 [2018]; People v Cole, 144 AD3d 699 [2016]; cf. People v Ayala, 142 AD3d 1095 [2016] [finding that, although the defendant had served his sentence, the question of whether the sentence imposed should be reduced was not academic, because the sentence imposed had potential immigration consequences]).
Accordingly, the appeal is dismissed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 04, 2019