People v Curtis (2020 NY Slip Op 06806)





People v Curtis


2020 NY Slip Op 06806


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-01163

[*1]The People of the State of New York, respondent, 
v
Napoleon C. Curtis, appellant. (Ind No. 2317-17)


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered January 9, 2019, convicting him of rape in the first degree (two counts), rape in the second degree (two counts), attempted criminal sexual act in the first degree, and endangering the welfare of a child, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 20 years plus a period of postrelease supervision of 20 years on the conviction of rape in the first degree under count 1 of the indictment, a determinate term of imprisonment of 10 years plus a period of postrelease supervision of 20 years on the conviction of rape in the first degree under count 4 of the indictment, a determinate term of imprisonment of 5 years plus a period of postrelease supervision of 10 years on each conviction of rape in the second degree, a determinate term of imprisonment of 10 years plus a period of postrelease supervision of 15 years on the conviction of attempted criminal sexual act in the first degree, and a definite term of imprisonment of 1 year on the conviction of endangering the welfare of a child, with the sentences on the convictions of rape in the first degree to run consecutively to each other, and with all of the other sentences to run concurrently with each other and with the sentences on the convictions of rape in the first degree.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all of the sentences imposed shall run concurrently with each other; as so modified, the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, he was not denied his constitutional rights to due process and to confront witnesses by the County Court's application of the Rape Shield Law (CPL 60.42) to prohibit him from introducing into evidence text messages and statements made by [*2]the complainant to individuals unrelated to the instant offenses, which were of a sexual nature. The defendant was given ample opportunity to develop evidence at trial to support his defenses, including regarding the complainant's motive to fabricate her accusations against him (see People v Weberman, 134 AD3d 862; People v Simmons, 106 AD3d 1115, 1116; People v Russillo, 27 AD3d 493).
The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is partially unpreserved for appellate review (see People v Hernandez, 166 AD3d 647). In any event, the challenged remarks did not rise to the level of egregious misconduct that would have deprived the defendant of a fair trial (see People v Freire, 168 AD3d 973, 976; People v Tapia, 148 AD3d 940, 941).
We agree with the County Court's determination denying, after a hearing, the defendant's motion pursuant to CPL 330.30 to set aside the verdict since, at the hearing, the defendant failed to establish any improper conduct by a juror that may have affected his substantial rights (see CPL 330.30[2]; People v Clark, 81 NY2d 913, 914; People v Hernandez, 107 AD3d 504; cf. People v Neulander, 34 NY3d 110).
The sentence imposed was excessive to the extent indicated (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court