People v Williams (2022 NY Slip Op 05225)

People v Williams

2022 NY Slip Op 05225

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2020-00980
 (Ind. No. 5084/16)

[*1]The People of the State of New York, respondent,
v
Jamal Williams, appellant.

Mark Diamond, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner, and Andrew S. Durham of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jane Tully, J.), rendered November 19, 2019, convicting him of robbery in the first degree (three counts), robbery in the second degree (three counts), criminal possession of stolen property in the fifth degree (three counts), and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Deborah A. Dowling, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence, identification evidence, and his statements to law enforcement officials, and the denial, without a hearing (Deborah A. Dowling, J.), of the defendant's separate motion to controvert a search warrant and suppress physical evidence seized in the execution thereof.
ORDERED that the judgment is affirmed.
There is no merit to the defendant's contention that the police officers' testimony at the suppression hearing was incredible as a matter of law. "A reviewing court is not required to discard common sense and common knowledge in assessing an officer's hearing testimony, and when such testimony appears manifestly untrue, physically impossible, contrary to experience, or self-contradictory, it must be rejected on appeal despite the hearing court's findings otherwise" (People v Lebron, 184 AD2d 784, 785 [citation and internal quotation marks omitted]). Here, the
police officers testified at the suppression hearing that, upon their arrival at a certain building in response to 911 calls reporting a robbery in progress at that location, they observed the defendant and codefendants, who matched the descriptions of the perpetrators from the 911 calls. The officers further testified that the defendant, upon making eye contact with them, immediately fled, causing the officers to give chase and ultimately apprehend the defendant as he tried to climb down the fire escape from the roof of the building. This testimony was not incredible as a matter of law (see People v Spann, 82 AD3d 1013, 1014-1015; People v James, 19 AD3d 617, 618). Moreover, the hearing testimony does not support the defendant's contention that the police officers' testimony presented fabrications that were patently tailored to nullify constitutional objections (see People v [*2]Giler, 148 AD3d 1053; People v Glenn, 53 AD3d 622, 624-625; People v James, 19 AD3d at 618; cf. People v Miret-Gonzalez, 159 AD2d 647, 649). Accordingly, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence, identification evidence, and his statements to law enforcement officials.
The defendant failed to preserve for appellate review his contention that a police officer failed to provide sufficient accurate and reliable information to justify the issuance of the search warrant in this matter (see CPL 470.05[2]; People v Magny, 162 AD3d 1072, 1073). In any event, contrary to the defendant's contention, the Supreme Court did not err in denying his motion to controvert the search warrant and suppress physical evidence seized in the execution thereof. The defendant failed to "make the requisite substantial preliminary showing that the warrant[ ] [was] based upon affidavits containing statements that were knowingly or intentionally false or made with reckless disregard for the truth" (People v Watson, 163 AD3d 855, 857; see Franks v Delaware, 438 US 154, 155-156; People v Lassiter, 151 AD3d 885, 886).
The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is only partially preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Moreover, the Supreme Court properly admitted into evidence the audiotapes of 911 emergency calls under the present sense impression exception to the hearsay rule as the callers' comments indicated that they were observing the subject crimes as they occurred (see People v Buie, 86 NY2d 501, 506; People v McCall, 80 AD3d 626, 627). Further, the court did not violate the defendant's Sixth Amendment right to confrontation at trial by admitting into evidence the recorded 911 calls, in which nontestifying complainants sought help in an ongoing emergency situation (see Davis v Washington, 547 US 813, 821-829; People v Phillips, 68 AD3d 1137, 1139).
The defendant's remaining contentions are without merit.
BARROS, J.P., MALTESE, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court