People v Bean (2024 NY Slip Op 03960)

People v Bean

2024 NY Slip Op 03960

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

432.1 KA 15-01495

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VINCENT L. BEAN, DEFENDANT-APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (MARK D. FUNK OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered June 9, 2015. The judgment convicted defendant upon a jury verdict of murder in the second degree, manslaughter in the first degree and gang assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of manslaughter in the first degree and dismissing count 2 of the indictment and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]), manslaughter in the first degree (§ 125.20 [1]) and gang assault in the first degree (§ 120.07), defendant contends that Supreme Court applied the wrong standard in denying his Batson challenge with respect to a prospective juror who was peremptorily struck by the prosecutor. We reject that contention. On the second day of voir dire, the prosecutor exercised a peremptory challenge on a Black prospective juror who had not given any indication that she was biased or unqualified to serve on the jury. Defense counsel asked for an explanation for the challenge, stating that "[t]his would be the second African American or [B]lack stricken in this panel." When the court stated that "[n]umbers alone do not suffice if that's a Batson challenge," defense counsel responded, "I understand that numbers alone don't, but I would request an explanation." The prosecutor interjected that, because at least one if not two Black prospective jurors had already been seated as jurors, defendant had not shown a pattern of discriminatory strikes. The court denied defendant's Batson application without requiring the prosecutor to offer a race-neutral reason for the challenge. We conclude that the court's ruling was proper.
The relevant legal principles are well settled. "[A] defendant asserting a claim under the Batson formula must present a prima facie case by showing that the prosecution exercised its peremptory challenges to remove one or more members of a cognizable racial group from the venire and that there exist facts and other relevant circumstances sufficient to raise an inference that the prosecution used its peremptory challenges to exclude potential jurors because of their race" (People v Childress, 81 NY2d 263, 266 [1993]; see Batson v Kentucky, 476 US 79, 96-98 [1986]). To meet that initial burden, a defendant need not show either "a pattern of discrimination" (People v Anthony, 152 AD3d 1048, 1050 [3d Dept 2017], lv denied 30 NY3d 978 [2017] [internal quotation marks omitted]) or a "systematic approach" to striking prospective jurors based on race (People v Herrod, 163 AD3d 1462, 1462 [4th Dept 2018] [internal quotation marks omitted]). In the absence of a pattern of discriminatory strikes, however, the defendant must demonstrate that " 'members of the cognizable group were excluded while others with the same relevant characteristics were not' or that the People excluded members of the cognizable group 'who, because of their background and experience, might otherwise be expected to be favorably disposed to the prosecution' " (id., quoting Childress, 81 NY2d at 267; see People v Boyd [appeal No. 2], 184 AD3d 1151, 1152 [4th Dept 2020]).
Here, defendant failed to meet his initial burden by merely pointing out that the prosecutor had challenged two Black prospective jurors in the same panel. Defendant did not indicate how many other Black prospective jurors, if any, were included in the panel, nor did he claim that the prosecutor had challenged Black prospective jurors in prior panels. Moreover, defendant did not allege that the prosecutor failed to challenge similarly situated non-Black prospective jurors or that the prospective juror in question would be expected to be favorably inclined toward the prosecution due to her background or experience. Thus, defendant failed to make a prima facie showing of discrimination, and "the burden did not shift to the People to offer a facially neutral explanation for the challenge" (People v Thomas, 155 AD3d 1120, 1123 [3d Dept 2017], lv denied 31 NY3d 1018 [2018] [internal quotation marks omitted]). Contrary to defendant's contention, the court properly denied his Batson application "without further inquiry" (Boyd, 184 AD3d at 1153).
Defendant further contends that the court, in responding to defense counsel's objection at trial to a witness's description of defendant as a "piece of shit," disparaged defense counsel in front of the jury and thereby deprived defendant of a fair trial. We agree with defendant that the court should have been more diplomatic in its exchange with defense counsel, who showed no disrespect to the court and lodged a reasonable objection on behalf of his client. As the Court of Appeals has advised, a trial judge, in "regulating the proceedings so as to guide the jury beyond distracting influences and to a reasoned determination on the facts . . . , must be scrupulously free from and above even the appearance or taint of partiality" (People v De Jesus, 42 NY2d 519, 523-524 [1977]; see generally People v Towns, 33 NY3d 326, 331 [2019]). "Unnecessary and excessive interference in the presentation of proof, as well as the intimidation or denigration of counsel, particularly in the jury's presence, are to be avoided" (De Jesus, 42 NY2d at 524). Considering that the alleged denigrating comments were isolated in nature and that the court ultimately granted defendant the relief defense counsel had requested, i.e., striking the objectionable testimony and directing the jury to disregard it, we conclude that the court's comments "did not result in the type of prejudice that would warrant reversal" (People v Simmons, 63 AD3d 1691, 1692 [4th Dept 2009], lv denied 12 NY3d 929 [2009]; see People v Petersen, 190 AD3d 769, 771 [2d Dept 2021], lv denied 36 NY3d 1123 [2021]; People v Chase, 265 AD2d 844, 845 [4th Dept 1999], lv denied 94 NY2d 902 [2000]).
Defendant's contention that the court erred in allowing the People to introduce Molineux evidence because, inter alia, they did not seek permission to do so prior to trial, is preserved only in part. In any event, defendant's contention lacks merit. The evidence in question was testimony from a prosecution witness who claimed to have seen defendant in possession of a knife approximately five hours before defendant allegedly used it to stab the victim. As a preliminary matter, we note that defendant's mere possession of the knife was not illegal inasmuch as it was not a switchblade knife, pilum ballistic knife, or metal knuckle knife (see Penal Law § 265.01). Furthermore, even assuming that defendant's possession of the knife earlier in the day could be considered a prior bad act, we note that the court made its ruling prior to the witness taking the stand, thereby giving defendant an opportunity to object (see People v McKoy, 217 AD3d 1396, 1399 [4th Dept 2023], lv denied 40 NY3d 998 [2023]; People v Cirino, 203 AD3d 1661, 1664 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]), and "defendant did not demonstrate in any way that he was prejudiced by the timing of the ruling" (People v Knox, 140 AD3d 979, 980 [2d Dept 2016], lv denied 29 NY3d 1033 [2017]). With respect to the merits of the Molineux application, the court properly determined that the challenged testimony "provided background information tending to prove defendant's means of access to the murder weapon, and his identity as the [stabber]" (People v Wells, 141 AD3d 1013, 1019 [3d Dept 2016], lv denied 28 NY3d 1189 [2017]; see generally McKoy, 217 AD3d at 1399; People v Lawrence, 141 AD3d 1079, 1081 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]). Moreover, the court did not abuse its discretion in determining that the probative value of the evidence outweighed the potential for prejudice (see People v Gaiter, 224 AD3d 1384, 1385 [4th Dept 2024], lv denied — NY3d — [2024]; see generally People v Alvino, 71 NY2d 233, 242 [1987]).
As the People correctly concede, the count of manslaughter in the first degree must be dismissed as a lesser inclusory concurrent count of murder in the second degree (see CPL 300.30 [4]; People v McIntosh, 162 AD3d 1612, 1618 [4th Dept 2018], affd 33 NY3d 1064 [2019]; People v Bank, 129 AD3d 1445, 1448-1449 [4th Dept 2015], affd 28 NY3d 131 [2016]). We therefore modify the judgment accordingly.
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or further modification of the judgment.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court