People v Johnson (2025 NY Slip Op 01641)

People v Johnson

2025 NY Slip Op 01641

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2020-00280
 (Ind. No. 1265/18)

[*1]The People of the State of New York, respondent,
v
Robert Johnson, appellant.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
Susan Cacace, District Attorney, White Plains, NY (Virginia A. Marciano and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (David S. Zuckerman, J.), rendered November 13, 2019, convicting him of attempted assault in the first degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
For his acts of attempting to strike two different men about their heads with a metal baseball bat, the defendant was convicted of two counts of attempted assault in the first degree and one count of criminal possession of a weapon in the third degree.
The defendant failed to preserve for appellate review his contention that a detective who was not a witness to the crimes in question was improperly permitted to testify as to his familiarity with the defendant, such that he believed that the voice of an individual in certain surveillance recordings was that of the defendant (see CPL 470.05[2]; People v Jackson, 151 AD3d 746, 746-747). After the County Court sustained defense counsel's initial objection to the line of questioning, defense counsel did not move to strike the testimony, seek limiting instructions, or move for a mistrial. Thus, the court's disposition of the matter "must be deemed to have corrected the error to the defendant's satisfaction" (People v Heide, 84 NY2d 943, 944; see People v Rodriguez, 172 AD3d 1240, 1242; People v Anselmo, 164 AD3d 1462). In any event, the detective's testimony did not deprive the defendant of a fair trial since it did not implicate him in any prior misconduct or uncharged crime (see People v Martinez, 164 AD3d 1260, 1262; People v Woody, 9 AD3d 439). With regard to the prosecutor's elicitation of testimony from the same detective that a person referenced by the defendant in surveillance recordings was now deceased, the court gave a sufficient curative instruction following defense counsel's objection, "and the jury is presumed to have followed it" (People v Maitland, 136 AD3d 1058, 1059 [internal quotation marks omitted]; People v Ross, 262 AD2d 429, 430).
The defendant's challenge to comments made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05[2]; People v Balls, 69 NY2d 641, 642; People [*2]v Mosquero, 128 AD3d 985). In any event, contrary to the defendant's contentions, the challenged comments made by the prosecutor during summation constituted fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109-110), and were responsive to arguments and theories presented in defense counsel's summation (see People v Halm, 81 NY2d 819, 821; People v Molinaro, 62 AD3d 724, 724-725).
Moreover, the County Court properly admitted into evidence the audiotapes of a telephone call to the 911 emergency number under the present sense impression exception to the hearsay rule, as the caller's comments indicated that she was observing the subject crimes as they occurred (see People v Buie, 86 NY2d 501, 506; People v Williams, 208 AD3d 1263, 1265; People v McCall, 80 AD3d 626, 627). The audiotapes were also properly admitted under the excited utterance exception to the hearsay rule. The surrounding circumstances supported the conclusion "that the remarks were not made under the impetus of studied reflection" (People v Melendez, 296 AD2d 424, 425; see People v Maitland, 136 AD3d 1058).
The defendant further contends that the People failed to establish that he committed the crimes charged (see Penal Law §§ 110.00, 120.10[1]; 265.02[1]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that the defendant's intent to cause serious physical injury (see Penal Law § 10.00[10]) with a metal baseball bat may be inferred from the testimony of a witness, as well as video surveillance evidence showing the defendant swinging the bat at the heads of two different individuals (see People v McGrier, 205 AD3d 431; People v Ekwegbalu, 131 AD3d 982, 984; People v Persaud, 25 AD3d 626, 626-627; People v Jones, 196 AD2d 889, 890; People v Aveille, 148 AD2d 461). Moreover, it was "unnecessary for the police to recover the weapon in order to prove his guilt beyond a reasonable doubt" (People v Wade, 274 AD2d 438, 439). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 85-86).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court