People v Brois (2025 NY Slip Op 06720)

People v Brois

2025 NY Slip Op 06720

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2024-12479
 (Ind. No. 71141/23)

[*1]The People of the State of New York, respondent,
v
Theodore S. Brois, appellant.

Richard E. Mischel, P.C., New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kerriann Kelly of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (James A. McCarty, Jr., J.), rendered October 17, 2024, convicting him of criminal possession of a weapon in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Anne E. Minihan, J.), without a hearing, of those branches of the defendant's omnibus motion which were to controvert a search warrant and to suppress physical evidence seized in the execution thereof.
ORDERED that the judgment is affirmed.
During the execution of a search warrant, the police recovered firearms and assault weapons from the defendant's home. Subsequently, the defendant was charged with, inter alia, criminal possession of a weapon in the first degree, and in an omnibus motion, he moved, among other things, to controvert the search warrant and to suppress the evidence seized in the execution thereof. The County Court denied those branches of the defendant's omnibus motion. Thereafter, the defendant pleaded guilty to criminal possession of a weapon in the first degree and criminal possession of a weapon in the second degree. The defendant appeals.
The Fourth Amendment of the United States Constitution provides that "no Warrants shall issue, but upon probable cause . . . and particularly describing the place to be searched, and the . . . things to be seized" (US Const Amend IV). "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" (People v Bigelow, 66 NY2d 417, 423; see People v Mack, 196 AD3d 603, 604). "The legal conclusion is to be made after considering all of the facts and circumstances together" (People v Bigelow, 66 NY2d at 423).
Here, the County Court properly denied those branches of the defendant's omnibus motion which were to controvert the search warrant and to suppress the physical evidence seized in the execution thereof. The search warrant application contained sufficient information to support a reasonable belief that evidence of criminal conduct would be found in the defendant's home (see People v Lexune, 236 AD3d 1060, 1062; People v Lambey, 197 AD3d 728, 729). Moreover, [*2]contrary to the defendant's contention, certain information contained in the search warrant application was not stale in light of all of the relevant circumstances, including the nature of the property to be seized, namely, firearms and assault weapons (see People v Fernandez, 210 AD3d 693, 694). Further, the defendant failed to "make the requisite substantial preliminary showing that the warrant[ ] [was] based upon affidavits containing statements that were knowingly or intentionally false or made with reckless disregard for the truth" (People v Watson, 163 AD3d 855, 857; see Franks v Delaware, 438 US 154; People v Williams, 208 AD3d 1263, 1264-1265).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court